**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

QUENTON GREBE,

Plaintiff,

v. No. 25-cv-1153-MIS-DLM

BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER,

Defendant.

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE, WITH LEAVE TO AMEND**

This matter is before the Court on Plaintiff's prisoner civil rights claims. Plaintiff is a state prisoner and is proceeding *pro se*. He initiated this proceeding by filing a prisoner civil rights complaint in the Second Judicial District Court in Bernalillo County, New Mexico ("Complaint"). ECF No. 4-1. On November 19, 2025, Defendant removed the case to this Court. *See* Notice of Removal, ECF No. 4. Also before the Court is Defendant's Motion to Dismiss. ECF No. 5. Having considered the record and applicable law, the Court will order Plaintiff to file a single, amended complaint, as set forth below.

**I. Background**

Plaintiff claims that Defendant Bernalillo County Metropolitan Detention Center "unlawfully seized [his] legal mail," and that the mail that was seized "is essential to the proceeding of an open case I have in the District Court." Compl. at 2. Plaintiff brings due process and unlawful search and seizure claims under the Fourth Amendment and 42 U.S.C. § 1983. *Id.* He further alleges Defendant opened his mail when he was not present, in violation of "the

American Correctional Association standards for mail." *Id.* Plaintiff seeks monetary damages. *Id.* at 3.

## II. Analysis

Under the Prison Reform Litigation Act ("PLRA"), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer. *See* 28 U.S.C. § 1915A(a). Under § 1915A(b), the Court must dismiss a civil action *sua sponte* if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). To avoid dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is proceeding *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal

theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Nevertheless, the Court is not obligated to craft legal theories for the plaintiff, and it is not the "proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

Even liberally construing Plaintiff's Complaint, it does not survive initial review. Plaintiff does not provide the date or dates of the alleged constitutional violations, and he does not specify who opened or seized his mail. He also does not explain what mail was seized or why it was needed for his state case. *See* Compl at 2. "A cause of action under Section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trs.*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046. Moreover, "a successful § 1983 complaint must make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). Similarly, "[t]he purpose behind Rule 8 is to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests, … and [i]t is not the role of either the court or the defendant to sort through a ... complaint and … [supplemental pleadings] ... to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014).

## III. Plaintiff May File an Amended Complaint

Based on the foregoing, the Court will dismiss the Complaint (ECF No. 4-1) without prejudice for failure to conform to Rule 8(a) and for failure to state a cognizable claim under Rule 12(b)(6). The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Plaintiff may file a single amended complaint within thirty (30) days of entry of this Order. The amendment must not exceed 30 pages in length. Plaintiff is reminded that any amended complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins*, 519 F.3d at 1249-50 (emphasis in original). "Collective allegations" regarding the alleged wrongdoing will not meet this standard. *Id.*

In addition, if Plaintiff seeks to pursue legal mail interference claims, he is advised that such claims implicate several constitutional rights, including the right to access courts; the right to receive mail *per se*; and the Sixth Amendment right to correspond with counsel. *See Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005). To succeed on a claim for non-delivery of legal mail, "[an inmate] must include sufficient facts to indicate the plausibility that the actions of which he complains were *not* reasonably related to legitimate penological interests." *Khan v. Barela*, 808 F. App'x 602. 607 (10th Cir. 2020). "[T]o present a viable claim for denial of access to the courts, … an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996) (The plaintiff must demonstrate that the mail seizures "hindered his efforts to pursue" a non-frivolous legal claim.).

Plaintiff is further advised that any amendment will supersede the Amended Complaint and must include all federal and state claims he wishes to pursue in this case. If Plaintiff fails to timely amend his complaint as set forth above, the Court may dismiss all federal Section 1983 claims with or without prejudice; decline to exercise supplemental jurisdiction over any state law claims; and dismiss all state law claims without prejudice for lack of jurisdiction. The Court will deny Defendant's Motion to Dismiss, ECF No. 5, as moot in light of the Court's ruling directing an amended complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Prisoner's Civil Rights Complaint **ECF No. 4-1**, is **DISMISSED without prejudice** and Plaintiff is granted leave to file a single, amended pleading, as set forth above, within thirty (30) days of entry of this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss **ECF No. 5** is **DENIED as moot**.

**IT IS SO ORDERED**.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE