**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

QUENTON GREBE,

Plaintiff,

v. No. 25-cv-1153-MIS-DLM

BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER,

Defendant.

**ORDER OF DISMISSAL**

This matter is before the Court on Plaintiff's failure to file an amended complaint as directed. Plaintiff was incarcerated when he initiated this proceeding and is proceeding *pro se.* His original Complaint alleges that Defendant "unlawfully seized [his] legal mail," and that the mail that was seized "is essential to the proceeding of an open case I have in the District Court." ECF No. 4-1 at 2. Plaintiff brings due process and unlawful search and seizure claims under the Fourth Amendment and 42 U.S.C. § 1983. *Id.* He further alleges Defendant opened his mail when he was not present, in violation of "the American Correctional Association standards for mail," and he seeks monetary damages. *Id.* at 2-3.

By a Memorandum Opinion and Order entered August 20, 2026, the Court determined the original Complaint fails to state a cognizable claim under the United States Constitution and 42 U.S.C. § 1983. ECF No. 8 (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints against governmental entities). The Screening Ruling explains that the original Complaint does not provide the date or dates of the alleged constitutional violations, does not specify who seized Plaintiff's mail, and does not explain what mail was seized

or how it was needed for his state case. ECF No. 8 at 3 (citing *Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998) (to state a claim under § 1983, a plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution), and *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (explaining there must be a connection between the official conduct and the constitutional violation)). The Court further explains that Plaintiff's piecemeal pleadings do not comply with Fed. R. Civ. P. 8. *Id.* at 3 (citing *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) ("The purpose behind Rule 8 is to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests, … and [i]t is not the role of either the court or the defendant to sort through a ... complaint and … [supplemental pleadings] ... to construct plaintiff's causes of action.")).

Based on these pleading defects, the Court dismissed the claims in the original Complaint without prejudice for failure to conform to Rule 8(a) and for failure to state a cognizable claim under Rule 12(b)(6). ECF 8 at 5. Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), Plaintiff was *sua sponte* invited to amend his claims within thirty (30) days of entry of the Screening Ruling. The Screening Ruling set forth the general pleading standards governing 42 U.S.C. § 1983, as well as the pleading standards to bring a legal mail interference claim. ECF No. 8 at 4-5. Plaintiff was warned that any amendment will supersede the original Complaint and must include all federal and state claims he wishes to pursue in this case. He was further warned that if he fails to timely amend his complaint, the Court may dismiss all federal Section 1983 claims with or without prejudice; decline to exercise supplemental jurisdiction over any state law claims; and dismiss all state law claims without prejudice for lack of jurisdiction.

The deadline to amend was September 21, 2026. Plaintiff did not amend, show cause for such failure, or otherwise respond to the Screening Ruling. Accordingly, the Court will dismiss all federal Section 1983 claims in the original Complaint (ECF No. 4-1) with prejudice for failure to state a cognizable claim pursuant to 28 U.S.C. § 1915A and Rule 12(b)(6). *See Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim [under Rule 12(b)(6)] but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in … [such a] dismissal"). The Court declines to exercise supplemental jurisdiction over any state law claims in the original Complaint (ECF No. 4-1) and will therefore dismiss those claims without prejudice. *See Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) (federal courts should generally decline to exercise supplemental jurisdiction when no federal claims remain).

**IT IS THEREFORE ORDERED** that each federal 42 U.S.C. § 1983 claim in Plaintiff's original Complaint (ECF No. 4-1) is **DISMISSED with prejudice** for failure to state a cognizable claim pursuant to 28 U.S.C. § 1915A and Rule 12(b)(6).

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over any state law claims in the original Complaint (ECF No. 4-1); such state law claims are therefore **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE